# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-312V
Filed: July 19, 2019
UNPUBLISHED

| | |
|---|---|
| LARRY LEMMONDS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU); Petitioner's Motion for a Decision Dismissing his Petition; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA); Insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.
*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION[1]

**Dorsey,** Chief Special Master:

　　On February 27, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), alleging that he suffered Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of his November 16, 2016 influenza vaccination. Petition at 1. The information in the record does not show entitlement to an award under the Program.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 16, 2019, petitioner moved for a decision dismissing the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. (ECF No. 14).  Petitioner indicated in his motion that "[a]n investigation of the facts and science supporting his case has demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  *Id.*  Petitioner further indicated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program."  *Id.*

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13(a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine.  For these reasons, in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.